**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

CURTIS ALFORD,                                )
                                             )
            Petitioner,                       )
                                             )
      v.                                      )        No. 4:26-cv-00193 CDP
                                             )
UNITED STATES OF AMERICA,                     )
                                             )
            Respondent.                       )

**MEMORANDUM AND ORDER**

This matter is before the Court on its own review. On May 9, 2025, petitioner Curtis Alford filed a document captioned "Motion for Nunc-Pro-Tunc Designation" in his criminal action requesting that he serve his concurrent state and federal sentences in the Federal Bureau of Prisons instead of in the Missouri Department of Corrections where he is presently incarcerated. Based on the nature of petitioner's claim, the Court construed his motion as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. *See Barkfelt v. Villmer*, No. 4:16CV62 JMB, 2016 WL 3141379 (E.D. Mo. June 6, 2016) (challenge to execution of sentence, including to the designation of the place of confinement under the primary jurisdiction doctrine, is properly brought under 28 U.S.C. § 2241). The Court directed the Clerk to open a new civil action under § 2241, which was done on February 9, 2026. [ECF No. 1]. On that same date, petitioner was ordered to file an amended petition under § 2241 on a Court-provided form, no later than March 11, 2026. *See id.* Petitioner was also directed to complete a motion to proceed in forma pauperis and affidavit appropriate for filing in a habeas action along with his amended § 2241. *Id.*

On March 16, 2026, petitioner filed a letter indicating that he was unable to fill out the § 2241 Court-provided form in a timely manner. [ECF No. 4]. He states that he is in a restrictive

housing unit at Potosi Correctional Center and he is currently without his property and legal work. Petitioner seeks appointment of counsel for assistance with this action.

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that [petitioner] as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Petitioner has not yet articulated the legal or factual issues in this case. Thus, the Court is unable to discern whether counsel would be of assistance in this matter. As such, the Court will decline to appoint counsel at this time.

Nonetheless, given petitioner's current custody classification, the Court will provide petitioner an additional thirty (30) days to complete an amended Court-provided § 2241 form, as well as a motion to proceed in forma pauperis in a habeas case. Petitioner's failure to do so in a timely manner will result in a dismissal of this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for appointment of counsel [ECF

No. 4] is **DENIED without prejudice at this time**.

      **IT IS FURTHER ORDERED** that the Clerk of Court shall mail to petitioner a copy of the Court's forms "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" and "Motion to Proceed in Forma Pauperis and Affidavit in Support – Habeas Cases."

      **IT IS FURTHER ORDERED** that petitioner shall file an amended petition under § 2241 and amended motion to proceed in forma pauperis on the Court-provided forms within thirty (30) days of the date of this Order. Failure to timely comply with this Order may result in the dismissal of this action without prejudice.

      **IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

      Dated this 30th day of March, 2026.

                                  CATHERINE D. PERRY
                                  UNITED STATES DISTRICT JUDGE